IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES McQUISTEN, ) | No. C 07-3392 MMC (PR) |
| Petitioner, ) | **ORDER TO SHOW CAUSE** |
| v. ) | |
| MATTHEW LANGE, Facility Director, ) | |
| Respondent. ) | |

On June 28, 2007, petitioner, a federal prisoner incarcerated at the Cornell Corrections Facility in Oakland, California, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. As petitioner is incarcerated within the Northern District of California and his petition challenges the execution of his federal sentence, venue is proper in this district. See Dunne v. Henman, 875 F.2d 244, 249-50 (9th Cir. 1989). Petitioner has paid the filing fee.

**BACKGROUND**

According to the allegations in the petition, in 1985, in the United States District Court in Eugene, Oregon, petitioner was sentenced to fifteen years in federal prison for violations of 21 U.S.C. § 846.[1] In 1991, petitioner was released from federal prison. In 1994, petitioner was returned to federal prison as the result of a parole violation; he was released from prison in 1998. Petitioner claims that one day before his maximum parole

---

[1] Title 21 lists federal drug-related offenses. Section 846 is captioned "Attempt and Conspiracy." Petitioner states that he was convicted under § 846, but he does not specify the nature of the underlying drug offense or offenses.

1  expiration date in 2006, he was arrested on a back-dated warrant for an offense that occurred
2  in 2004. As a result, petitioner's parole was revoked, and all of the time he had spent on
3  parole was forfeited. Petitioner's parole revocation hearing was held in Oklahoma, but he
4  was subsequently sent to serve his sentence in Oakland, California, where he is currently
5  incarcerated.

## DISCUSSION

A district court may entertain a petition for a writ of habeas corpus challenging the execution of a federal sentence on the ground that the sentence is being executed "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The court should "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Petitioner claims his current incarceration is unlawful because: (1) the United State Parole Commission ("Parole Commission") did not provide him with a mandatory parole hearing under 28 C.F.R. § 2.43 to determine whether his parole supervision should be terminated five years after he was released from prison in 1998; (2) the Parole Commission required the mandatory forfeiture of all of his street time credits, in direct violation of the Ninth Circuit's decision in Rizzo v. Armstrong, 921 F.2d 855, 859-60 (9th Cir. 1990) (finding invalid Parole Commission regulation requiring mandatory forfeiture of street time credits following parolee's conviction for offense committed while on parole); and (3) under 18 U.S.C. § 4210(b)(2), the Parole Commission's jurisdiction over petitioner ended in 1999, fifteen years after his fifteen-year sentence was imposed. Liberally construed, petitioner's claims are cognizable.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall serve by certified mail a copy of this order upon respondent and respondent's attorney, the **United States Attorney for the Northern District of California**, and also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **sixty (60)** days of the date this order is filed, an answer to this petition, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all exhibits that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty (30)** days of her receipt of the answer.

3. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

4. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

DATED: January 7, 2008

_____
MAXINE M. CHESNEY
United States District Judge